[821 NE2d 133, 787 NYS2d 708]

DAVID J. TONKING et al., Plaintiffs, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants. (And a Third-Party Action.) BOVIS LEND LEASE LMB, INC., Formerly Known as LEHRER MCGOVERN BOVIS, INC., Second Third-Party Plaintiff-Appellant, v V.P.H. MECHANICAL CORP., Second Third-Party Defendant-Respondent.

Argued October 19, 2004; decided December 2, 2004

## POINTS OF COUNSEL

*Newman Fitch Altheim Myers, P.C.,* New York City (*Michael H. Zhu, Abraham S. Altheim* and *Steven N. Shapiro* of counsel), for second third-party plaintiff-appellant. An obligation on the part of V.P.H. Mechanical Corp. to indemnify Bovis Lend Lease LMB, Inc. is clearly expressed in the contract or at the very least can be implied from the contract between V.P.H. and the Port Authority of New York and New Jersey. (*Hooper Assoc. v AGS Computers,* 74 NY2d 487; *Laba v Carey,* 29 NY2d 302; *Kenny v Fuller Co.,* 87 AD2d 183; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169; *Pensee Assoc. v Quon Indus.,* 241 AD2d 354; *Mazzola v County of Suffolk,* 143 AD2d 734; *Lipshultz v K & G Indus.,* 294 AD2d 338; *Matter of Wallace v 600 Partners Co.,* 205 AD2d 202.)

*Callan, Koster, Brady & Brennan, LLP,* New York City (*Michael P. Kandler* and *Jason E. Goldberg* of counsel), for second third-party defendant-respondent. I. Neither the language and purpose of the Port Authority of New York and New Jersey-V.P.H. Mechanical Corp. contract nor the surrounding facts and circumstances show that the parties intended to impose an obligation upon V.P.H. to indemnify Bovis Lend Lease LMB, Inc. Therefore, the lower courts properly dismissed Bovis's third-party action against V.P.H. (*Hooper Assoc. v AGS Computers,* 74 NY2d 487; *Levine v Shell Oil Co.,* 28 NY2d 205; *Kurek v Port Chester Hous. Auth.,* 18 NY2d 450; *Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.,* 107 AD2d 450, 65 NY2d 1038; *Margolin v New York Life Ins. Co.,* 32 NY2d 149; *Inman v Binghamton Hous. Auth.,* 3 NY2d 137; *Lipshultz v K & G Indus.,* 294 AD2d 338; *Wisniewski v Kings Plaza Shopping Ctr. of Flatbush Ave.,* 279 AD2d 570; *Solomon v City of New York,* 111 AD2d 383, 70 NY2d 675; *A.R. Mack Constr. Co. v Patricia Elec.,* 5 AD3d 1025.) II. Under the strictly applied exclusive remedy provisions of section 11 of the Workers' Compensation Law, the indemnification clause at issue does not constitute a written

contract by which V.P.H. Mechanical Corp. "had expressly agreed to contribution to or indemnification of" Bovis Lend Lease LMB, Inc. (*Castro v United Container Mach. Group,* 96 NY2d 398; *Hooper Assoc. v AGS Computers,* 74 NY2d 487.) III. Third-party beneficiary clauses are strictly construed by the courts. (*Artwear, Inc. v Hughes,* 202 AD2d 76; *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38; *Internationale Nederlanden [U.S.] Capital Corp. v Bankers Trust Co.,* 261 AD2d 117; *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652; *Hooper Assoc. v AGS Computers,* 74 NY2d 487; *A.R. Mack Constr. Co. v Patricia Elec.,* 5 AD3d 1025; *Lipshultz v K & G Indus.,* 294 AD2d 338.) IV. In the event that this Court reverses the Appellate Division's decision and order and denies V.P.H. Mechanical Corp.'s motion to dismiss pursuant to CPLR 3211, Bovis Lend Lease LMB, Inc.'s cross motion for summary judgment should be denied and V.P.H. should be entitled to conduct discovery. (*Mejia v Trustees of Net Realty Holding Trust,* 304 AD2d 627.)

### OPINION OF THE COURT

Rosenblatt, J.

This case involves a dispute over the scope of an indemnification clause in a renovation contract between the owner of a building and a contractor. The agreement obligated the contractor to indemnify the owner and, among others, the owner's "agents" for certain claims arising out of the project. The question before us is whether a firm that performed management services for the owner qualified as the owner's agent under the indemnification clause. We hold that it did not.

In 1999, the Port Authority of New York and New Jersey entered into a renovation contract with V.P.H. Mechanical Corp. for heating and ventilation work at One World Trade Center. As owner, Port Authority also contracted with Bovis Lend Lease LMB, Inc. formerly known as Lehrer McGovern Bovis, Inc. for certain construction management services for the project. Plaintiff, an employee of V.P.H., was injured on the job and sued Port Authority and Bovis, alleging negligence and Labor Law violations.*

Port Authority commenced a third-party action against Bovis, which in turn brought a third-party action against V.P.H. Bovis

---

* Plaintiff obtained summary judgment on his Labor Law § 240 (1) claim against Port Authority and Bovis. Plaintiff received workers' compensation benefits as a result of the accident. Supreme Court noted that he did not sustain a "grave injury" as defined in Workers' Compensation Law § 11. That issue is not before us.

acknowledged that it had no contractual relationship with V.P.H., but asserted that it was nevertheless entitled to contractual indemnification based on an indemnity clause in the contract between V.P.H. and Port Authority. Supreme Court granted V.P.H.'s motion to dismiss the third-party complaint against it, concluding that Bovis was not entitled to indemnification. A divided Appellate Division affirmed, as do we.

The outcome of this appeal turns on the language of the contract and whether, as contracting parties, Port Authority and V.P.H. intended the indemnification clause to benefit Bovis. The relevant provisions read as follows:

> "[V.P.H.] shall indemnify the Authority against [certain losses] to the extent caused by the negligent acts or omissions of [V.P.H.], including all expense incurred by it in the defense, settlement or satisfaction thereof . . .

> "The provisions of this numbered clause shall also be for the benefit of the Commissioners, officers, *agents and employees of the Authority*, so that they shall have all the rights which they would have under this numbered clause if they were named at each place above at which the Authority is named, including a direct right of action against [V.P.H.] to enforce the foregoing indemnity" (emphasis added).

The contract does not define the term "agent." Bovis maintains that it qualifies as Port Authority's agent because the Authority retained supervision and control over Bovis's work. Pursuant to its contract with Port Authority, Bovis was required to furnish the Authority with cost estimates and could start work only after the Authority approved the estimates. Further, Port Authority required Bovis to submit specifications and daily time records and could not subcontract any of its work without the Authority's prior written approval. Moreover, all copies of documents and plans that Bovis generated became the property of Port Authority.

In arguing that Bovis was not Port Authority's agent, V.P.H. asserts that while the contract between the Authority and V.P.H. refers to the "construction manager" more than 130 times, the indemnification clause contains no reference to the construction manager or to Bovis by name. V.P.H. further points out that nowhere in the contract is the construction manager referred to as an agent of Port Authority. V.P.H. also asserts that in the sec-

tion of the contract that prohibited V.P.H. from giving gifts to Port Authority, the contracting parties used the terms "agent" and "construction manager" as separate classifications.

We agree with the Appellate Division majority. Bovis has pieced together a number of factors that still fall short of an indemnity obligation. In *Hooper Assoc. v AGS Computers* (74 NY2d 487 [1989]), we set forth the governing rule. There, the issue was whether in a contract between a buyer and seller an indemnity clause entitled the buyer to recover counsel fees. In ruling against the plaintiff, we held that "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*id.* at 491 [citing cases]). In the case before us, as in *Hooper*, the language of the parties is not clear enough to enforce an obligation to indemnify, and we are unwilling to rewrite the contract and supply a specific obligation the parties themselves did not spell out. If the parties intended to cover Bovis as a potential indemnitee, they had only to say so unambiguously.

Our result is in keeping with the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635), by which the Legislature limited employers' liability to third parties for injury to their employees (*see Castro v United Container Mach. Group, Inc.*, 96 NY2d 398 [2001]). Where the plaintiff has not sustained a "grave injury," section 11 of the Workers' Compensation Law bars third-party actions against employers for indemnification or contribution unless the third-party action is for contractual indemnification pursuant to a written contract in which the employer "expressly agreed" to indemnify the claimant. Requiring the indemnification contract to be clear and express furthers the spirit of the legislation.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.