■ MARIO ASCENCIO, Respondent, v BRIARCREST AT MACY MANOR, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, et al., Defendants. GRIFFIN LANDSCAPING CORPORATION, Third-Party Defendant-Respondent-Appellant. [874 NYS2d 562]—

In an action to recover damages for personal injuries, the defendants and third-party plaintiffs Briarcrest at Macy Manor, LLC, Wilder Balter Partners, Inc., and Griffon Associates, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered January 7, 2008, as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) and denied that branch of their cross motion which was for summary judgment dismissing that cause of action insofar as asserted against them, and the third-party defendant Griffin Landscaping Corporation cross-appeals, as limited by its brief, from so much of the same order as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) and denied, as premature, its cross motion for summary judgment dismissing the third-party cause of action for contractual indemnification.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6), and substituting therefor a provision denying that motion, and (2), by deleting the provision thereof denying as premature the third-party defendant's cross motion for summary judgment dismissing the third-party cause of action for contractual indemnification and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the third-party defendant Griffin Landscaping Corporation, payable by the defendants and third-party plaintiffs Briarcrest at Macy Manor, LLC, Wilder Balter Partners, Inc., and Griffon Associates, Inc.

Labor Law § 241 (6) imposes a nondelegable duty on owners and contractors to comply with the specific safety rules and regulations set forth in the Industrial Code (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]) "in connection with construction, demolition or excavation work" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 102 [2002]; *see Valdivia v Consolidated Resistance Co. of Am., Inc.*, 54 AD3d 753, 754 [2008]). Since the instant action arose from excavation work, Labor Law § 241 (6) is applicable (*see Mosher v State of New York*, 80 NY2d 286 [1992]; *Ciancio v Woodlawn Cemetery Assn.*, 249 AD2d 86 [1998]). Further, the evidence indicates that the defendants and third-party plaintiffs may have violated specific provisions of the Industrial Code (*see Webber v City of Dunkirk*, 226 AD2d 1050 [1996]). However, the evidence also indicates that the plaintiff may have been negligent in placing himself too close to the excavation equipment. Since the plaintiff's alleged comparative fault was a defense to his cause of action pursuant to Labor Law § 241 (6) (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 350; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684 [2005]), the plaintiff failed to establish his entitlement to judgment as a matter of law with respect to this cause of action, since his submissions reveal that there are triable issues of fact which preclude the award of summary judgment.

However, the Supreme Court should have granted the third-party defendant's cross motion for summary judgment dismissing the third-party cause of action for contractual indemnification. "Where the plaintiff has not sustained a 'grave injury,' section 11 of the Workers' Compensation Law bars third-party actions against employers for indemnification or contribution unless the third-party action is for contractual indemnification

pursuant to a written contract in which the employer 'expressly agreed' to indemnify the claimant" (*Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004]). Here, in opposition to the third-party defendant's prima facie showing that it was the plaintiff's employer, that the purchase orders governing the plaintiff's work contained no contractual indemnification provisions, and that those orders were clear and unambiguous, the defendants and third-party plaintiffs failed to raise a triable issue of fact (*cf. Spiegler v Gerken Bldg. Corp.*, 35 AD3d 715 [2006]).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Rivera, J.P., Leventhal, Belen and Chambers, JJ., concur.