■ RODOLFO CANAS, Appellant, v HARBOUR AT BLUE POINT HOME OWNERS ASSOCIATION, INC., et al., Respondents. (And a Third-Party Action.) [953 NYS2d 150]—

On November 20, 2006, during the course of the plaintiff's employment with JAM Painting, Inc., he allegedly was injured when an unsecured ladder upon which he was standing slipped from beneath him, and caused him to fall while he was painting the exterior of a condominium building. The plaintiff's employer had been retained by the defendant Harbor at Blue Point Home Owners Association, Inc., the home owners association of the condominium, which, in turn, had retained the defendant Camco Services of New York, Inc., as the property manager for the condominium complex. Following the accident, the plaintiff commenced this action against the defendants, alleging, among other things, a violation of Labor Law § 240 (1). The plaintiff moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and now appeals from so much of an order as denied that branch of his motion.

"Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners . . . for failing to provide safety devices necessary for protection to workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure" (*Jock v Fien*, 80 NY2d 965, 967-968 [1992]). Although "[a] fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1)," liability will be imposed when the evidence shows "that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (*Melchor v Singh*, 90 AD3d 866, 868 [2011]). Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability under that statute by showing that, although he was provided with a ladder, as required by the statute, the ladder was not secured so as to prevent it and him from falling. Further, there was no assistance provided in holding the ladder while the plaintiff painted (*see Hossain v Kurzynowski*, 92 AD3d 722 [2012]; *Santiago v Rusciano & Son, Inc.*, 92 AD3d 585 [2012]; *Georgia v Urbanski*, 84 AD3d 1569 [2011]; *Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152 [1998]).

The burden then shifted to defendants to "present[ ] some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his . . . injuries" (*Ball v Cascade Tissue*

*Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (*see Hossain v Kurzynowski*, 92 AD3d 722 [2012]). Since the plaintiff was provided only with an unsecured ladder and no safety devices, the plaintiff cannot be held solely at fault for his injuries (*see Velasco v Green-Wood Cemetery*, 8 AD3d 88 [2004]; *Davis v Selina Dev. Corp. of N.Y.*, 302 AD2d 304 [2003]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.