◼ ARISTIDES GIKAS, Respondent, v 42-51 HUNTER STREET, LLC, et al., Defendants/Second Third-Party Plaintiffs-Appellants/Third Third-Party Plaintiffs-Appellants, and COLGATE SCAFFOLDING & EQUIPMENT CORP., Defendant/Third-Party Plaintiff-Respondent. DANICA GROUP, LLC, Third Third-Party Defendant-Respondent, et al., Third-Party Defendant/Second Third-Party Defendant. [24 NYS3d 87]—

In an action to recover damages for personal injuries, the defendants/second and third third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 30, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, granted that branch of the motion of the defendant/third party plaintiff which was for summary judgment on its cross claim for contractual indemnification against the defendant/second and third third-party plaintiff Roe Development Group, LLC, and granted that branch of the motion of the third third-party defendant which was for summary judgment dismissing the third third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant/third-party plaintiff which was for summary judgment on its cross claim for contractual indemnification against the defendant/second and third third-party plaintiff Roe Development Group, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the

order is affirmed insofar as appealed from, with one bill of costs to the plaintiff and the third third-party defendant payable by the appellants and one bill of costs to the appellants payable by the defendant/third-party plaintiff.

The plaintiff, an electrician's helper at a construction site, was walking on the ground level toward a sidewalk bridge that was being dismantled when an unsecured six- to eight-foot-long steel I-beam fell and struck him. At the time of the accident, the I-beam was being handed down by workers standing atop the bridge to workers standing in a truck.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the appellants. The plaintiff's evidence demonstrated, prima facie, that an object, while being lowered from atop a sidewalk bridge, fell because of the absence of a safety device of the kind enumerated in the statute and struck the plaintiff at ground level (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]; Mendoza v Bayridge Parkway Assoc., LLC, 38 AD3d 505, 506-507 [2007]; Cruci v General Elec. Co., 33 AD3d 838, 839 [2006]; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 622 [2003]). In opposition, the appellants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Figueroa v Manhattanville Coll., 193 AD2d 778, 779 [1993]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the appellants.

The Supreme Court properly granted that branch of the motion of the third third-party defendant, Danica Group, LLC (hereinafter Danica), which was for summary judgment dismissing the third third-party complaint, which alleged causes of action for contractual indemnification and to recover damages for breach of a contract to procure insurance. "Where the plaintiff has not sustained a 'grave injury,' section 11 of the Workers' Compensation Law bars third-party actions against employers for indemnification or contribution unless the third-party action is for contractual indemnification pursuant to a written contract in which the employer 'expressly agreed' to indemnify the claimant" (Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]). Here, Danica made a prima facie showing that it was the plaintiff's employer, that the proposal governing the plaintiff's work contained no contractual indemnification or insurance procurement provisions, and that

the proposal was clear and unambiguous. In opposition, the appellants failed to raise a triable issue of fact (*see Ascencio v Briarcrest at Macy Manor, LLC*, 60 AD3d 606, 608 [2009]; *Delahaye v Saint Anns School*, 40 AD3d 679, 684 [2007]).

However, the defendant/third-party plaintiff Colgate Scaffolding & Equipment Corp. (hereinafter Colgate), the subcontractor hired to furnish, install, and dismantle the subject sidewalk bridge, failed to establish its prima face entitlement to judgment as a matter of law on its cross claim for contractual indemnification against the appellant Roe Development Group, LLC (hereinafter Roe), the general contractor, because Colgate failed to demonstrate that it was not at fault in the happening of the plaintiff's accident (*see Flossos v Waterside Redevelopment Co., L.P.*, 108 AD3d 647, 650 [2013]; *Astarita v Flintlock Constr. Servs., LLC*, 69 AD3d 888, 889 [2010]; *Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]). Colgate presented evidence that it had subcontracted the dismantling of the sidewalk bridge to the first and second third-party defendant, Consolidated Installations Incorporated (hereinafter Consolidated), and that Colgate was not present at the construction site at the time of the accident. However, Colgate failed to establish, prima face, that it lacked the authority under its subcontract with Consolidated to supervise and control the dismantling work. Thus, there exists a triable issue of fact as to whether Colgate had the authority to exercise supervision and control over the activity which produced the plaintiff's injury and, therefore, was at fault in the happening of the accident (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Kehoe v Segal*, 272 AD2d 583, 584 [2000]). Since Colgate failed to make a prima facie showing of its entitlement to judgment as a matter of law on its cross claim for contractual indemnification against Roe, the Supreme Court should not have granted that branch of its motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.