■ OLANDO BAUGH, Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Respondents, et al., Defendants. [33 NYS3d 472]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated August 8, 2014, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants New York City School Construction Authority, the City of New York, and Plaza Construction Corp.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants New York City School Construction Authority, the City of New York, and Plaza Construction Corp. is granted.

The Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants New York City School Construction Authority, the City of New York, and Plaza Construction Corp. (hereinafter collectively the defendants). The plaintiff established, prima facie, that the statute was violated and that the violation was a proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Perla v Daytree Custom Bldrs., Inc.*, 119 AD3d 758 [2014]). "Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners . . . for failing to provide safety devices necessary for protection to workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure" (*Jock v Fien*, 80 NY2d 965, 967-968 [1992]). Although "[a] fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1)," liability will be imposed when the evidence shows "that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (*Melchor v Singh*, 90 AD3d 866, 868 [2011]; *see Canas v Harbour at Blue Point Home Owners Assn., Inc.*, 99 AD3d 962 [2012]). Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability under that statute by showing that, although he was provided with a ladder, as required by the statute, the ladder was not secured so as to prevent it and him from falling (*see*

*Canas v Harbour at Blue Point Home Owners Assn., Inc.*, 99 AD3d at 963).

In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, they failed to raise a triable issue of fact as to whether the plaintiff's alleged misuse of the ladder was the sole proximate cause of the accident (*see Canas v Harbour at Blue Point Home Owners Assn., Inc.*, 99 AD3d at 964; *Hossain v Kurzynowski*, 92 AD3d 722 [2012]). Since the plaintiff was provided with only an unsecured ladder and no safety devices, the plaintiff cannot be held solely at fault for his injuries (*see Canas v Harbour at Blue Point Home Owners Assn., Inc.*, 99 AD3d at 964; *Velasco v Green-Wood Cemetery*, 8 AD3d 88 [2004]; *Davis v Selina Dev. Corp. of N.Y.*, 302 AD2d 304 [2003]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants. Leventhal, J.P., Hall, Austin and Barros, JJ., concur.