■ ALMERINDO PATRIARCA, Respondent, v KEVIN ORECKINTO, Appellant. [58 NYS3d 142]—

Appeal from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated August 4, 2015. The order, insofar as appealed from, upon renewal and reargument, adhered to a prior determination in an order of that court dated November 18, 2014, granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order dated August 4, 2015, is reversed insofar as appealed from, on the law, with costs, upon renewal and reargument, the determination in the order dated November 18, 2014, granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is vacated, and thereupon, the plaintiff's motion is denied.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he fell from a ladder on the defendant's premises on July 16, 2007. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). In an order dated November 18, 2014, the Supreme Court granted the motion.

The defendant moved for leave to renew and reargue his opposition to the plaintiff's motion. In an order dated August 4, 2015, the Supreme Court, upon renewal and reargument, adhered to the prior determination in the order dated November 18, 2014. The defendant appeals from so much of the August 4, 2015, order as adhered to the prior determination.

In support of his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting his deposition testimony that he was standing on a rung of an inadequately secured ladder when the ladder fell out from under him, causing him to fall and sustain injuries (see Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 747 [2016]; Baugh v New York City Sch. Constr. Auth., 140 AD3d 1104, 1106 [2016]; Jardin v A Very Special Place, Inc., 138 AD3d 927, 930 [2016]; LaGiudice v Sleepy's Inc., 67 AD3d 969, 971 [2009]). In opposition, however, the defendant raised a triable issue of fact. Specifically, the defendant submitted a hospital record indicating that the plaintiff fell off a ladder and sustained injuries on July 16, 2007, which comports with the date set forth by the plaintiff in his complaint as the date he fell from a

ladder on the defendant's premises. However, the defendant's deposition testimony indicates that the company the plaintiff allegedly worked for on the date of his accident did not even begin work at the site until August 2007 or later, raising a question of fact as to whether the plaintiff's injuries were actually caused by a fall from a ladder on the defendant's premises. Accordingly, upon renewal and reargument, the Supreme Court should have vacated the prior determination granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and thereupon, should have denied the motion.

In light of our determination, we need not reach the defendant's remaining contentions. Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.