DeSerio v City of New York (2019 NY Slip Op 02679)





DeSerio v City of New York


2019 NY Slip Op 02679


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-04610
 (Index No. 709282/14)

[*1]James DeSerio, appellant, 
v
City of New York, et al., respondents, et al., defendants.


Pinczewski & Shpelfogel, P.C. (The Altman Law Firm, PLLC, New York, NY [Michael T. Altman], of counsel), for appellant.
Cozen O'Connor, New York, NY (William K. Kirrane and Kristin Keehan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered April 8, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.
On September 17, 2013, the plaintiff, a signalman employed by nonparty Silverite Construction Company, allegedly was injured when an extension ladder he had ascended slipped out from under him, causing him to fall approximately 20 feet to the ground. In June 2014, the plaintiff commenced this action against, among others, the City of New York, the New York City Department of Education, and the New York City School Construction Authority (hereinafter collectively the defendants), alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court denied that branch of the motion, and the plaintiff appeals.
"Although [a] fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240(1),' liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries'" (Baugh v New York City Sch. Constr. Auth., 140 AD3d 1104, 1105, quoting Melchor v Singh, 90 AD3d 866, 868; see Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962). Here, the plaintiff established, prima facie, that Labor Law § 240(1) was violated and that the violation was a proximate cause of his injuries (see Baugh v New York City Sch. Constr. Auth., 140 AD3d at 1106). Through his deposition testimony, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability under that statute when he testified that a carpentry foreman directed him to retrieve the subject ladder, which the plaintiff ascended without a spotter, and which shifted and shook before the bottom "kicked out," causing him to fall (see Cabrera v Arrow Steel Window Corp., 163 AD3d 758, 759-760; Nolan v [*2]Port Auth. of N.Y. & N.J., 162 AD3d 488, 489; Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568, 568; Alvarez v Vingsan L.P., 150 AD3d 1177, 1179; Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 747; Ocana v Quasar Realty Partners L.P., 137 AD3d 566, 567).
The burden then shifted to the defendants to " present[ ] some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his . . . injuries'" (Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963, quoting Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d 1187, 1188). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact (see Cabrera v Arrow Steel Window Corp., 163 AD3d 758; Alvarez v Vingsan L.P., 150 AD3d 1177; Baugh v New York City Sch. Constr. Auth., 140 AD3d 1104).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court