Chong Fu Huang v 57-63 Greene Realty, LLC (2019 NY Slip Op 05760)





Chong Fu Huang v 57-63 Greene Realty, LLC


2019 NY Slip Op 05760


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-11077
 (Index No. 706446/15)

[*1]Chong Fu Huang, plaintiff, 
v
57-63 Greene Realty, LLC, et al., defendants third-party plaintiffs- appellants; Fahey, Inc., etc., third-party defendant, LTI Construction Corp., third-party defendant- respondent.


Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for defendants third-party plaintiffs-appellants.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Matthew P. Cueter of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered October 17, 2016. The order, insofar as appealed from, granted that branch of the motion of the third-party defendant LTI Construction Corp. which was for summary judgment dismissing the third-party complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when he fell from a scaffold at a construction site, during the course of his employment with the third-party defendant LTI Construction Corp. (hereinafter LTI). LTI was a subcontractor of the third-party defendant Fahey, Inc. (hereinafter Fahey Design), the general contractor at the construction site. The plaintiff, who received workers' compensation benefits as a result of the accident, commenced this action against the defendant 57-63 Greene Realty, LLC, the owner of the premises, and the defendant Jeffrey Rudes, LLC, the tenant. The defendants in turn commenced a third-party action against Fahey Design and LTI seeking, inter alia, contractual indemnification and damages for breach of an agreement to procure insurance. Following joinder of issue, LTI moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against it. The defendants opposed the motion. In an order entered October 17, 2016, the Supreme Court granted that branch of LTI's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it. The defendants appeal.
Workers' Compensation Law § 11 generally precludes third-party claims for indemnification against an employer unless, as relevant here, there is an express written agreement for indemnification (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367; Gikas v 42-51 Hunter St., LLC, 134 AD3d 987, 988; Guijarro v V.R.H. Constr. Corp., 290 AD2d 485, 486). "Requiring the indemnification contract to be clear and express furthers the spirit of the legislation" (Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490). Notably, "[w]hen a party is under no legal [*2]duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (id. at 490 [internal quotation marks omitted]; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492; Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685, 690-691).
Contrary to the defendants' contention, LTI met its prima facie burden, inter alia, by submitting evidence establishing that it did not enter into any contracts with the defendants for work at the construction site where the plaintiff allegedly was injured. In opposition, the defendants failed to raise a triable issue of fact. The subcontract between LTI and third-party defendant Fahey Design that provided for indemnification does not meet the requirements of Workers' Compensation Law § 11, as it does not unambiguously and expressly require LTI to indemnify the defendants (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d at 490; Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 669). Furthermore, the defendants failed to establish that they were intended beneficiaries of the indemnification provision in the agreement between LTI and Fahey Design (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486; Lipshultz v K & G Indus., 294 AD2d 338). The existence of a certificate of insurance from LTI's insurer failed to raise a triable of fact, as "[a]n agreement to procure insurance is not an agreement to indemnify or hold harmless" (Kinney v Lisk Co., 76 NY2d 215, 218).
The defendants' remaining contention, that LTI's motion for summary judgment was premature, is without merit (see Ascencio v Briarcrest at Macy Manor, LLC, 60 AD3d 606, 607).
Accordingly, we agree with the Supreme Court's determination granting LTI's motion for summary judgment dismissing the third-party complaint insofar as asserted against it.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court