Tavarez v LIC Dev. Owner, L.P. (2022 NY Slip Op 03339)





Tavarez v LIC Dev. Owner, L.P.


2022 NY Slip Op 03339


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 


Index No. 150625/19 Appeal No. 15965 Case No. 2021-01346 

[*1]Ruth Tavarez, Plaintiff,
v
LIC Development Owner, L.P., et al., Defendants.
LIC Development Owner L.P., Third-Party Plaintiff-Respondent,
v
Collins Building Services, Inc., Third-Party Defendant-Appellant.


Wood Smith Henning & Berman LLP, New York (Kevin Thomas Fitzpatrick of counsel), for appellant.
Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York (Eric S. Schlesinger of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about February 22, 2021, which denied third-party defendant Collins Building Services, Inc.'s (Collins) motion to dismiss the third-party complaint of LIC Development Owner L.P. (LIC), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
This action arises out of personal injuries allegedly sustained by plaintiff when, in January 2019, she fell from a ladder in the course of her employment with third-party defendant Collins. Plaintiff alleged common-law negligence, including failure to provide her with a safe ladder, and violations of Labor Law §§ 200, 202, 240(1)-(3), and 241(6). Plaintiff alleged fractures to her left knee, severe post traumatic arthritis, and psychological embarrassment.
Nonparty property manager Tishman Speyer Properties, L.P. (Tishman), as agent for owner LIC, and Collins, as the contractor, executed a contract for janitorial, window cleaning, and light bulb maintenance services. The contract was effective between October 1, 2017 and December 31, 2020. The contract was signed by Tishman, "[s]olely in its capacity as agent for [LIC]," and Collins. According to Schedule A-1 of the contract, LIC is designated as the owner of the premises. Under the "contract price" section, LIC is responsible for paying Collins for the services provided under the contract.
LIC commenced this third-party action against Collins asserting that "Collins was obligated to provide plaintiff, its employee, with the necessary equipment to enable her to properly and safely perform her cleaning related duties" at the premises, and that plaintiff's injuries were due to Collins' failure to perform its duties under the contract and provide her with the proper tools, equipment, supervision, direction, and control. The third-party complaint also asserted that Collins agreed to indemnify LIC from any accidents, injuries, claims, or lawsuits arising out of the cleaning related services Collins provided at the premises.
Collins moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the third-party complaint on the basis that LIC is not entitled to contractual or common-law indemnification from Collins. Supreme Court denied the motion.
The indemnification provision states that Collins shall "hold harmless the OWNER'S AGENT from all claims by Tenants or others whose personnel or property may be damaged by [Collins], its operators, and including but not limited to the use of any of the required equipment or material." Tishman is designated as the "owner's agent" in the contract. LIC is neither identified nor included under the indemnification provision and the indemnification provision must be "strictly construed" (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]; see also Nicholson v Sabey Data Ctr. Props., LLC, 160 AD3d 587, 587 [1st Dept 2018]). The indemnity clause as stated does not apply to LIC [*2]and as such, Collins' motion to dismiss the third-party complaint should have been granted.
LIC's claim for common-law indemnification is also barred by Workers' Compensation Law § 11, which provides that "[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer," unless the employee has sustained a "grave injury" or there is "a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution or indemnification of the claimant." Here, plaintiff's alleged injuries to her left knee, including a fracture of the tibial plateau, do not constitute a "grave injury" within the meaning of the statute (see also Tonking at 490). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022