Orellana v 5541-1274 Fifth Ave. Manhattan LLC (2025 NY Slip Op 00194)

Orellana v 5541-1274 Fifth Ave. Manhattan LLC

2025 NY Slip Op 00194

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rosado, JJ. 

Index No. 152497/20 Appeal No. 3490 Case No. 2023-06809 

[*1]Milton Alfredo Barrera Orellana, Plaintiff,
v
5541-1274 Fifth Avenue Manhattan LLC, Defendant, Reidy Contracting Group, LLC, Defendant-Appellant. H&L Ironworks Corp., Defendant-Respondent.

Reidy Contracting Group, LLC, Third-Party Plaintiff-Appellant,
v
H&L Ironworks Corp., Third-Party Defendant-Respondent, LCD Elevator, Inc., Third-Party Defendant. [And Other Third-Party Actions]

Ropers Majeski PC, New York (Henry L. Liao of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered December 22, 2023, which, insofar as appealed from, denied the motion of defendant/third party plaintiff Reidy Contracting Group, LLC (Reidy) for summary judgment on its contractual indemnity claim against third-party defendant H&L Ironworks Corp. (H&L), unanimously affirmed, with costs.
In the contract between Reidy and H&L, the indemnity clause is triggered by claims arising out of or resulting from performance of the work "to the extent which are directly or indirectly caused or contributed to, or claimed to be caused or contributed to, by any act or omission, fault or negligence, whether passive or active in whole or in part, by [H&L or its subcontractors]." The motion court correctly denied Reidy's motion, finding that it failed to show that any act or omission by H&L or its subcontractor was connected to the cinderblock that fell and struck plaintiff (see Arias v Sanitation Salvage Corp., 199 AD3d 554, 557 [1st Dept 2021]; Quinonez v Manhattan Ford, Lincoln-Mercury, Inc., 62 AD3d 495, 497 [1st Dept 2009]). While a later phrase in the clause implies that indemnity may be premised on claims merely arising out of the work, that phrase is part of an enumerated list dependent on the terms of indemnity set forth in the first sentence of the clause, and therefore does not modify it. A contractual obligation to indemnify must be clearly manifested in the parties' agreement, and a contract assuming an obligation to indemnify must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]; Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025