Garcia v Fed LI, LLC (2025 NY Slip Op 03795)

Garcia v Fed LI, LLC

2025 NY Slip Op 03795

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2021-00487
 (Index No. 15887/15)

[*1]Jose Garcia, et al., appellants-respondents,
v
Fed LI, LLC, et al., defendants-respondents, Multi Packaging Solutions, Inc., et al., defendants third-party plaintiffs-respondents-appellants, et al., defendants; J.P.S. Electric Co., Inc., third-party defendant-respondent.

Frank A. Cetero (Michael Sepe, LLC, Rockville Centre, NY, of counsel), for appellants-respondents.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas P. Calabria and Glenn A. Kaminska of counsel), for defendants third-party plaintiffs-respondents-appellants.
Crafa & Sofield, P.C., Garden City, NY (Joseph R. Crafa of counsel), for defendants-respondents.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants third-party plaintiffs cross-appeal, from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated December 26, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as cross-appealed from, (1) granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, (2) denied the defendants third-party plaintiffs' cross-motion for summary judgment on the third-party cause of action for contractual indemnification, and (3) denied the defendants third-party plaintiffs' separate cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the [*2]defendants Fed LI, LLC, GSM LI, LLC, ICA LI, LLC, and SAF LI, LLC, and the defendants third-party plaintiffs appearing separately and filing separate briefs, and one bill of costs is awarded to the third-party defendant payable by the defendants third-party plaintiffs.
The plaintiff Jose Garcia (hereinafter the injured plaintiff) allegedly was injured when he fell from an extension ladder while working on a project at a commercial property. The property was owned by the defendants Fed LI, LLC, GSM LI, LLC, ICA LI, LLC, and SAF LI, LLC (hereinafter collectively the owner defendants), and leased by the defendant third-party plaintiff Multi Packaging Solutions, Inc. The injured plaintiff, and his wife suing derivatively, thereafter commenced this action against the defendants, alleging, inter alia, a violation of Labor Law § 240(1). Multi Packaging Solutions, Inc., and MPS HRL, LLC (hereinafter together the MPS entities), commenced a third-party action against J.P.S. Electric Co., Inc. (hereinafter JPS), the injured plaintiff's employer, among other things, for contractual indemnification.
The plaintiffs moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The MPS entities cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the injured plaintiff was the sole proximate cause of his injuries. In addition, JPS moved for summary judgment dismissing the third-party complaint. The MPS entities cross-moved for summary judgment on the third-party cause of action for contractual indemnification. In an order dated December 26, 2020, the Supreme Court, among other things, (1) denied that branch of the plaintiffs' motion, (2) granted that branch of JPS's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and (3) denied both cross-motions of the MPS entities. The plaintiffs appeal, and the MPS entities cross-appeal.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124). "Although '[a] fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240(1),' liability will be imposed when the evidence shows 'that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries'" (Baugh v New York City Sch. Constr. Auth., 140 AD3d 1104, 1105, quoting Melchor v Singh, 90 AD3d 866, 868). "Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8).
Comparative fault is not a defense to the strict liability of the statute, but where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1) (see Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162; Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887). "A plaintiff is the sole proximate cause of his or her own injuries when, acting as a 'recalcitrant worker,' he or she misuses an otherwise proper safety device, chooses to use an inadequate safety device when proper devices were readily available, or fails to use any device when proper devices were available" (Orellana v 7 W. 34th St., LLC, 173 AD3d at 887, quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 291-292).
Here, the plaintiffs established, prima facie, that Labor Law § 240(1) was violated and that the violation was a proximate cause of the injured plaintiff's injuries by submitting evidence that the unsecured ladder moved and fell, causing the injured plaintiff to fall, and that he was not provided with any safety devices (see Paiba v 56-11 94th St. Co., LLC, 228 AD3d 881, 882; Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 729-730).
In opposition, the owner defendants and the MPS entities failed to raise a triable issue of fact as to whether the injured plaintiff's alleged misuse of the ladder was the sole proximate cause of the accident. Where, as here, the injured plaintiff is provided with an unsecured ladder and no safety devices, he cannot be held solely at fault for his injuries (see Von Hegel v Brixmor Sunshine [*3]Sq., LLC, 180 AD3d at 730; Baugh v New York City Sch. Constr. Auth., 140 AD3d at 1106). Accordingly, the Supreme Court properly denied the MPS entities' cross-motion for summary judgment dismissing the complaint insofar as asserted against them, but should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
"While owners and general contractors owe nondelegable duties under the Labor Law to plaintiffs who are employed at their worksites, these defendants can recover in indemnity, either contractual or common-law, from those considered responsible for the accident" (Shea v Bloomberg, L.P., 124 AD3d 621, 622 [internal quotation marks omitted]). Further, "[w]here the plaintiff has not sustained a 'grave injury,' section 11 of the Workers' Compensation Law bars third-party actions against employers for indemnification or contribution unless the third-party action is for contractual indemnification pursuant to a written contract in which the employer 'expressly agreed' to indemnify the claimant" (Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490). "[W]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Zalewski v MH Residential 1, LLC, 163 AD3d 900, 901-902 [internal quotation marks omitted]; see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d at 490). "'The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances'" (Burgos v 14 E. 44 St., LLC, 203 AD3d 688, 689, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Shea v Bloomberg, L.P., 124 AD3d at 622). "A party that moves for summary judgment dismissing a claim for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim" (Burgos v 14 E. 44 St., LLC, 203 AD3d at 689).
Here, JPS established, prima facie, that it was the injured plaintiff's employer and that it did not expressly agree to contractually indemnify the MPS entities pursuant to a written contract (see Gikas v 42-51 Hunter St., LLC, 134 AD3d 987, 989; Ascencio v Briarcrest at Macy Manor, LLC, 60 AD3d 606, 608).
In opposition, the MPS entities contended that they issued a purchase order to JPS approximately one month after the accident, which allegedly covered the injured plaintiff's work and, in effect, incorporated by reference certain "Terms and Conditions" containing a clause that required JPS to contractually indemnify the MPS entities. Notably, the purchase order did not specifically indicate that there was a purported indemnification clause in the Terms and Conditions.
"The doctrine of incorporation by reference requires that the paper to be incorporated into a written instrument by reference must be so referred to and described in the instrument that the paper may be identified beyond all reasonable doubt. That rule of law is grounded on the premise that the material to be incorporated is so well known to the contracting parties that a mere reference to it is sufficient" (Chiacchia v National Westminster Bank, 124 AD2d 626, 628 [citation omitted]; see Matter of Board of Commrs. of Washington Park of City of Albany, 52 NY 131, 134). Contrary to the MPS entities' contention, the purchase order's reference to the otherwise unidentified Terms and Conditions, which was not provided to JPS prior to the accident, failed to incorporate by reference the purported indemnification clause contained therein, particularly, where, as here, the purchase order made no reference to that indemnification clause (see Eshaghpour v Zepsa Indus., Inc., 174 AD3d 440, 441; Shark Information Servs. Corp. v Crum & Forster Commercial Ins., 222 AD2d 251, 252).
Moreover, even assuming that the MPS entities raised a triable issue of fact as to whether the purchase order incorporated by reference the indemnification clause in the Terms and Conditions that were issued after the accident, an indemnification agreement "cannot be held to have a retroactive effect unless by its express words or necessary implication it clearly appears to be the parties' intention to include past obligations" (Mikulski v Adam R. West, Inc., 78 AD3d 910, 911 [internal quotation marks omitted]; see Zalewski v MH Residential 1, LLC, 163 AD3d at 902). "Thus, an indemnification agreement executed by a party after the plaintiff's accident occurred will not be applied retroactively in the absence of evidence that the agreement was made as of a date prior [*4]to the occurrence of the accident and that the parties intended the agreement to apply as of that date" (Mikulski v Adam R. West, Inc., 78 AD3d at 912; see Zalewski v MH Residential 1, LLC, 163 AD3d at 902). Here, there was no language in the purchase order issued after the accident or in the Terms and Conditions that indicated that the parties intended the indemnification clause to be retroactively applied (see Mikulski v Adam R. West, Inc., 78 AD3d at 912; Burke v Fisher Sixth Ave. Co., 287 AD2d 410). Thus, the Supreme Court properly granted that branch of JPS's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification and properly denied the MPS entities' cross-motion for summary judgment on that third-party cause of action.
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court