Carreno v Chelsea Leaf S. Hous. Dev. Fund Corp. (2026 NY Slip Op 00971)

Carreno v Chelsea Leaf S. Hous. Dev. Fund Corp.

2026 NY Slip Op 00971

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Index No. 155542/17|Appeal No. 5861-5862 M-06842|Case No. 2024-04256 2025-00164|

[*1]Joel Oswaldo Ruiz Carreno, Plaintiff-Respondent,
vChelsea Leaf South Housing Development Fund Corporation, et al., Defendants-Appellants, Chelsea Leaf South Housing Development Fund Corporation, et al., Third-Party Plaintiffs-Appellants,

Marshall, Dennehey, P.C., New York (Mark Wellman of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Joel Oswaldo Ruiz Carreno, respondent.
Gartner + Bloom PC, New York (Lee D. Tarr of counsel), for Flatiron Construction Corporation, respondent.

Order, Supreme Court, New York County (Lori S Sattler, J.), entered on or about June 18, 2024, which, to the extent appealed from, granted plaintiff's cross-motion for partial summary judgment on his Labor Law § 240(1) claim, denied the motion of defendants Chelsea Leaf South Housing Development Fund Corporation, Eight and Seventh GP LLC, and Chateau GC LLC (collectively, defendants) for summary judgment dismissing the Labor Law § 240(1) claim, and denied the branch of defendants' motion for summary judgment on their contractual indemnification claim against the third-party defendant Flatiron Construction Corporation (Flatiron), unanimously modified, on the law, to deny plaintiff's cross-motion for partial summary judgment on his Labor Law § 240(1) claim, to grant defendants' motion for contractual indemnification against Flatiron to the extent of granting defendants conditional contractual indemnification on the claim, and otherwise affirmed, without costs.
Appeal from order, same court and Justice, entered on or about December 6, 2024, which, in effect, granted defendants' motion for leave to renew and reargue, and upon reargument, adhered to its prior determination, unanimously dismissed, without costs, as academic.
Plaintiff, a laborer on a construction project, climbed atop of an 8-foot by 14-foot dumpster, which measured approximately 4 to 4 ½ feet in height, to place a tarp over it and to secure the tarp on the dumpster's sides using wire. According to plaintiff while standing atop the dumpster and stretching the tarp out over the dumpster, a gust of wind caught the tarp, and plaintiff was propelled over the side of the dumpster. Plaintiff landed on the ground and was injured.
Although Supreme Court correctly denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim, it should have also denied plaintiff's cross-motion for partial summary judgment on that claim. Plaintiff did not establish as a matter of law that the task he was engaged in at the time of his accident involved an elevation related hazard as that work was intended or supposed to be performed (see S.V.L. v PBM, LLC, 191 AD3d 564, 566 [1st Dept 2021]). Plaintiff testified at his deposition that he had been directed by an unknown individual to stand atop the dumpster to cover it with a tarp, and that he also followed the example of other co-workers who, in the past, had stood atop the dumpster while spreading a tarp over it. However, given deposition testimony from other individuals working on the construction project that the standard procedure for covering the dumpster involved several laborers working jointly at ground level to spread the tarp over the dumpster, factual issues exist as to whether placing the tarp on the dumpster required work to be done at an elevated differential (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339-340 [2011]; S.V.L. v PBM, LLC, 191 AD3d at 566; see also Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681 [2007]).
For the above stated reasons, Supreme Court properly denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim. Moreover, the record is devoid of any evidence to show that plaintiff ignored directives that he use available safety devices, or even that safety devices were actually made available to the plaintiff, rendering the argument that plaintiff was the sole proximate cause of his accident unavailing (see Biaco-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]).
Defendants did, however, establish prima facie entitlement to conditional contractual indemnification from Flatiron, the construction manager. Defendant Chelsea Leaf South and nonparty Eighth and Seventh LP, of which defendant Eighth GP is the sole general partner, owned the property. The agreement between Flatiron and nonparty Eighth and Seventh LP contains a broad indemnification clause. While the duty imposed by the Labor Law may not be delegated, the burden may be shifted to the party actually responsible for the accident by contractual language requiring indemnification (see Allen v Cloutier Const. Corp., 44 NY2d 290, 301 [1978]). Here, the indemnification provision at issue provided that Flatiron would indemnify the owners and their "affiliates" from "any and all claims . . . asserted against [the owners and their affiliates] by reason of . . . (ii) any act or failure to act on the part of [Flatiron] in connection with the performance of the services hereunder which is in violation of the terms of this Agreement." The agreement with Flatiron, as construction manager, delegated authority to Flatiron to monitor the subcontractors' performance of the work, including their compliance with their safety obligations. Flatiron was compensated for the retention of a "Safety Coordinator" to "secure safety," and Flatiron was authorized to stop the work if it determined the work was not being done safely in accordance with the subcontract. Moreover, the subcontract agreement entered into by plaintiff's employer required the employer to adopt and carry out any reasonable suggestions by the owners' designated representatives (i.e., Flatiron) so as to ensure safety on the work site. Additionally, Flatiron representatives acknowledged during their depositions Flatiron's duty to oversee safety on the project and to stop the work if warranted. A grant of conditional contractual indemnification is therefore appropriate (see generally Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]). M-06842 — Carreno v Chelsea Leaf
Motion to stay the trial, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026