20-2220-cv
*Firemen's Insurance Company of Washington, D.C. v. Story*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-one.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
WILLIAM J. NARDINI,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FIREMEN'S INSURANCE COMPANY OF
WASHINGTON, D.C.,

*Plaintiff-Counter-*
*Defendant-Appellee,*

-v-                                    20-2220-cv

THOMAS J. STORY,

*Defendant-Appellant,*

AEROTEK, INC.,

*Defendant-Cross-*
*Claimant-Appellant,*

MP MASONRY INC.,

                              *Cross-Defendant-Appellee.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C. and MP MASONRY INC.: | BRIAN P. MCDONOUGH, McDonough Cohen & Maselek LLP, Boston, Massachusetts. |
| FOR AEROTEK, INC. and THOMAS J. STORY: | WILLIAM E. CORUM, Husch Blackwell LLP, Kansas City, Missouri. |

Appeal from the United States District Court for the Western District of New York (Geraci, *Ch. J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Thomas J. Story and Aerotek, Inc. ("Aerotek) appeal the district court's decision and order, entered June 5, 2020, and its corresponding judgment, entered June 8, 2020, partially granting and partially denying cross-motions for summary judgment filed by appellants and appellees, Firemen's Insurance Company of Washington, D.C. ("Firemen's") and MP Masonry Inc. ("MP Masonry"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above. The parties do not appear to challenge the portion of the district court's order relating to Ace American Insurance Company ("Ace"), and Ace has not participated in this appeal.

In 2012, Wegmans Food Markets, Inc. ("Wegmans") entered into an agreement with Aerotek for Aerotek to provide Wegmans with staffing services (the "Staffing Agreement"). The Staffing Agreement specified that "the relationship between both [Aerotek] and each of its Vendor Assigned Employees, respectively, vis-à-vis Wegmans hereunder is that of an independent contractor, and nothing set forth herein shall be deemed to render the parties as . . . employer and employee." App'x at 340. Further, the Staffing Agreement provided that "Assigned Employees are employees of [Aerotek], and not of Wegmans." App'x at 340. Pursuant to the Staffing Agreement, Aerotek assigned Story to work on a construction site where Wegmans was building a new store, and Story began working as a foreman.

Wegmans later contracted in writing with MP Masonry to perform the construction work (the "Construction Contract"). Pursuant to the Construction Contract, MP Masonry agreed, "[t]o the fullest extent permitted by law," to "defend, indemnify and hold harmless [Wegmans] and its agents, employees, and representatives." App'x at 389. Wegmans and MP Masonry also agreed that the Construction Contract was to be governed by New York law.

During the course of the construction work, Joseph Holguin, an MP Masonry employee, was injured at the construction site. Holguin sued Wegmans and Story, among others, in Massachusetts state court. Wegmans and Story tendered their claims to MP Masonry, seeking to enforce the indemnification and defense provision of

3

the Construction Contract. MP Masonry's insurance company, Firemen's, accepted the tender as to Wegmans, but not as to Story. Firemen's then brought this action in the district court seeking a declaratory judgment that MP Masonry was not obligated to defend and indemnify Story in the Massachusetts action. Aerotek, which incurred costs defending Story in the Massachusetts action, filed a cross-claim seeking a contrary declaration and reimbursement.

New York law provides that "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." *Hooper Assocs. Ltd. v. AGS Computs. Inc.*, 74 N.Y.2d 487, 491 (1989). Courts require "an unmistakable intention to indemnify before . . . enforc[ing] such an obligation." *In re Heimbach v. Metro. Transp. Auth.*, 75 N.Y.2d 387, 392 (1990) (internal quotation marks omitted).

In the Construction Contract, MP Masonry agreed to defend and indemnify Wegmans's "agents, employees, and representatives." App'x at 389. The Staffing Agreement explicitly provided that assigned employees -- and Story was an assigned employee -- were employees of Aerotek and not Wegmans. Further, while the Construction Contract does not define the term "representative," it does designate a "Project Manager [to act] as [Wegmans's] representative in administering the Contract," and names members of the "Project Management Team" -- without designating Story. App'x at 357. Finally, neither the Staffing Agreement nor the Construction Contract

4

contains any language suggesting that Story was an "agent" of Wegmans under either agreement.

Even assuming there is some ambiguity as to whether Story is entitled to indemnification, the language the parties used falls short of expressing the unmistakable intent required by New York law. *See Tonking v. Port Auth. of N.Y. & N.J.*, 3 N.Y.3d 486, 490 (2004) (holding that party seeking indemnification was not clearly covered by the indemnification provision and noting that if parties intend to cover "a potential indemnitee, they ha[ve] only to say so unambiguously"). Aerotek argues that it would be unreasonable to require that Story be listed by name to be covered. That point is well-taken. But the indemnification clause is ambiguous not because it fails to list Story by name, but because it fails to include his role as foreman, construction manager, or member of the construction management team. Accordingly, the district court correctly held that Firemen's and MP Masonry were not required to defend and indemnify Story.

We have considered appellants' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5