■ UTICA FIRST INSURANCE COMPANY, as Subrogee of Mio Mio, Inc., Plaintiff, v GRISTMILL EARTH REALTY CORP. et al., Defendants. (And a Third-Party Action.) (Action No. 1.) MERRIMACK MUTUAL FIRE INSURANCE COMPANY, as Subrogee of BFLP, LLC, Doing Business as DAY BOAT CAFÉ, Respondent-Appellant, v GRISTMILL EARTH REALTY CORP. et al., Appellants-Respondents, and HENRY REBMANN PLUMBING & HEATING, INC., Respondents, et al., Defendant. JOHN SANTOS, Nonparty Appellant-Respondent. (Action No. 2.) (And Related Actions.) [45 NYS3d 482]—

In a subrogation action, inter alia, to recover damages for negligence, (a) the defendant Painting the Island, doing business as Island Contracting, and nonparty John Santos appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated August 12,

2014, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granted the separate motions of the defendants Henry Rebmann Plumbing & Heating, Inc., and Steven Aiello Electrical Contracting for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, (b) the defendant Gristmill Earth Realty Corp. separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (c) the plaintiff Merrimack Mutual Fire Insurance Company, as subrogee of BFLP, LLC, doing business as Day Boat Café, cross-appeals from so much of the same order as granted those branches of the separate motions of Henry Rebmann Plumbing & Heating, Inc., and Steven Aiello Electrical Contracting which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the appeal by the defendant Painting the Island, doing business as Island Contracting, and nonparty John Santos from so much of the order as granted those branches of the separate motions of Henry Rebmann Plumbing & Heating, Inc., and Steven Aiello Electrical Contracting which were for summary judgment dismissing the complaint insofar as asserted against each of them is dismissed, as they are not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendant Painting the Island, doing business as Island Contracting, and nonparty John Santos which were for summary judgment dismissing the second, third, and fourth causes of action in the complaint insofar as asserted against that defendant, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Gristmill Earth Realty Corp. which was for summary judgment dismissing the second, third, and fourth causes of action in the complaint insofar as asserted against it, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants Henry Rebmann Plumbing & Heating, Inc., and Steven Aiello Electrical Contracting, payable by the plaintiff Merrimack Mutual Fire Insurance Company.

This action concerns three immediately adjacent properties, located at 1361, 1363, and 1365 Old Northern Boulevard, respectively, in Roslyn. These properties are owned by the defendant Gristmill Earth Realty Corp. (hereinafter Gristmill). During the relevant period, BFLP, LLC, doing business as Day Boat Café (hereinafter Day Boat), operated a café at 1361 Old Northern Boulevard. The defendant Painting the Island, Inc., doing business as Island Contracting (hereinafter Island Contracting), was performing renovations at 1363 and 1365 Old Northern Boulevard. Island Contracting is owned by nonparty John Santos, who is also a part-owner of Gristmill. The defendant Steven Aiello Electrical Contracting (hereinafter Aiello), was retained in February 2008 to do electrical work at 1363 and 1365 Old Northern Boulevard, and the defendant Henry Rebmann Plumbing & Heating, Inc. (hereinafter Rebmann), was retained on December 12, 2008, to replace a sump pump in the basement of 1365 Old Northern Boulevard.

In the early morning of December 15, 2008, a fire broke out in the basement of 1365 Old Northern Boulevard, damaging all three properties. A fire origin and cause report prepared by the Nassau County Fire Marshal's Bureau of Fire Investigation (hereinafter the Fire Marshal's report) concluded that the fire was caused by an orange extension cord which was connected to the sump pump. The plaintiff, Merrimack Mutual Fire Insurance Company (hereinafter Merrimack), the insurer for Day Boat, commenced this action for subrogation against, among others, Gristmill, Island Contracting, Rebmann, and Aiello. Island Contracting and Santos, Rebmann, and Aiello separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and Gristmill cross-moved for the same relief. The Supreme Court granted the motions of Rebmann and Aiello, and it denied the motion of Island Contracting and Santos and the cross motion of Gristmill. Island Contracting, Santos, and Gristmill appeal, and Merrimack cross-appeals.

On its motion for summary judgment, Rebmann demonstrated its entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of its employee who replaced the sump pump at 1365 Old Northern Boulevard, who testified that, after he replaced the sump pump, he unplugged the pump, and did not leave it connected to the orange extension cord (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

In opposition to Rebmann's prima facie showing, Island Contracting and Merrimack each failed to raise a triable issue

of fact (*see id.*; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The fact that the Fire Marshal's report concluded that the fire was caused by an orange extension cord which was connected to the sump pump did not establish that Rebmann's employee plugged the cord into the pump. Contrary to Island Contracting's contentions, the fact that Rebmann's employee may have been the sole witness as to the state of the sump pump when he left the premises does not preclude an award of summary judgment in Rebmann's favor. Island Contracting and Merrimack failed to offer any evidence, other than mere speculation, to undermine Rebmann's showing of entitlement to judgment as a matter of law, or to raise a bona fide issue regarding the credibility of Rebmann's employee as to a material fact (*see Melchor v Singh*, 90 AD3d 866, 869 [2011]; *Fox v H&M Hennes & Mauritz, L.P.*, 83 AD3d 889, 891 [2011]; *McCaffery v Wright & Co. Constr., Inc.*, 71 AD3d 842, 843 [2010]).

On its motion for summary judgment, Aiello demonstrated its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the Fire Marshal's report and the deposition testimony of the investigator who prepared that report, which established that the fire was caused by the orange extension cord, rather than by any electrical work performed by Aiello 10 months previously (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, Island Contracting submitted two fire investigation reports. However, both those reports were unsworn, and thus were insufficient to raise a triable issue of fact (*see Guanopatin v Flushing Acquisition Holdings, LLC*, 127 AD3d 812, 813 [2015]; *Moore v 3 Phase Equestrian Ctr., Inc.*, 83 AD3d 677, 679 [2011]; *Gomes v Courtesy Bus Co.*, 251 AD2d 625, 626 [1998]; *DiMuro v Town of Babylon*, 210 AD2d 373, 374 [1994]). Even if the reports had been sworn, they would have been insufficient to raise a triable issue of fact.

The Supreme Court properly denied those branches of the motion of Island Contracting and Santos and the cross motion of Gristmill which were for summary judgment dismissing the first cause of action insofar as asserted against Island Contracting and Gristmill, respectively. Island Contracting and Gristmill failed to establish, prima facie, that their employees did not cause the fire by plugging the sump pump into the orange extension cord. However, the court erred in denying those branches of that motion and cross motion which were for summary judgment dismissing the second, third, and fourth causes of action insofar as asserted against Island Contracting

and Gristmill, as Island Contracting and Gristmill established that they were not required to have firestopping materials, sprinklers, or a fire watch at the premises during the renovations. In opposition, Merrimack failed to raise a triable issue of fact as to those issues.

The Supreme Court properly denied those branches of the motion of Island Contracting and Santos which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against Santos, as Santos is not a party in the subject action. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.