Von Hegel v Brixmor Sunshine Sq., LLC (2020 NY Slip Op 00889)





Von Hegel v Brixmor Sunshine Sq., LLC


2020 NY Slip Op 00889


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-08574
 (Index No. 603137/15)

[*1]William Von Hegel, et al., respondents, 
v
Brixmor Sunshine Square, LLC, et al., appellants.


Mintzer Sarowitz Zeris Ledva & Meyers LLP, Hicksville, NY (Bradley J. Levin of counsel), for appellants.
David M. Ardam, P.C., Commack, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 13, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2013, the plaintiff William Von Hegel (hereinafter the injured plaintiff) was employed as a maintenance specialist by nonparty RFE Incorporated. He was assigned to perform repair work at a Ruby Tuesday restaurant located in Medford. The subject premises was owned by the defendant Brixmor Sunshine Square, LLC, and leased by the defendant RT Long Island Franchise, LLC, doing business as Ruby Tuesday.
On October 24, 2013, while working at the subject premises, the injured plaintiff allegedly sustained injuries when the feet of a ladder on which he was working slipped, causing him to fall. The injured plaintiff, and his wife suing derivatively, commenced the instant action against the defendants, alleging, inter alia, a violation of Labor Law § 240(1). At the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing that cause of action, and the plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability on that cause of action. By order dated June 13, 2018, the Supreme Court, inter alia, denied that branch of the defendant's motion and granted that branch of the plaintiffs' cross motion. The defendants appeal.
"Labor Law § 240(1) imposes a nondelegable duty [and absolute liability] upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720; see Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963). To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries [*2](see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280). Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290). "[W]here an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39).
"Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials" (Melchor v Singh, 90 AD3d 866, 868). Specifically, with regard to accidents involving ladders, "liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries" (Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d at 963 [internal quotation marks omitted]). Here, the injured plaintiff's uncontroverted testimony that the accident occurred because the feet of the subject ladder slipped away from the wall was sufficient to establish, prima facie, the plaintiffs' entitlement to summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) (see Poalacin v Mall Props., Inc., 155 AD3d 900, 906; Przyborowski v A & M Cook, LLC, 120 AD3d 651, 653).
" Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident'" (Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 502, quoting Blake v Neighborhood Hous. Servs., 1 NY3d at 289 n 8). Here, in opposition to the plaintiffs' prima facie showing, the defendants failed to raise a triable issue of fact.
The defendants contend that there was no violation of Labor Law § 240(1) because adequate ladders and safety devices were available to the injured plaintiff through his off-site employer. Labor Law § 240(1) imposes on owners and contractors the "ultimate responsibility for safety violations," and the responsibility to provide appropriate safety devices (Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 342; see Vasquez-Roldan v Two Little Red Hens, Ltd., 129 AD3d 828, 829). The defendants submitted no evidence showing that appropriate safety devices were "readily available" to the injured plaintiff within the meaning of the statute (Gallagher v New York Post, 14 NY3d 83, 88; see Poalacin v Mall Props., Inc., 155 AD3d at 907).
The defendants contend that because there is no evidence that the subject ladder was defective, the injured plaintiff's own negligence must be the sole proximate cause of the accident. However, when a "plaintiff [is] provided only with an unsecured ladder and no safety devices, [he] cannot be held solely at fault for his injuries," even where the plaintiff has negligently placed the ladder (Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d at 964; see Rico-Castro v Do & Co N.Y. Catering, Inc., 60 AD3d 749; Rudnik v Brogor Realty Corp., 45 AD3d 828).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and denying that branch of the defendants' motion which was for summary judgment dismissing that cause of action.
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court