Exley v Cassell Vacation Homes, Inc. (2022 NY Slip Op 05840)

Exley v Cassell Vacation Homes, Inc.

2022 NY Slip Op 05840

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-04183
 (Index No. 1829/18)

[*1]Bruce Exley, respondent, 
v
Cassell Vacation Homes, Inc., appellant.

Kenney Shelton Liptak Nowak LLP, Buffalo, NY (Nelson E. Schule, Jr., of counsel), for appellant.
Foulke Law Firm, Goshen, NY (Evan M. Foulke of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated May 1, 2020. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and denied the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 29, 2017, the plaintiff allegedly sustained injuries when he fell from a ladder on property located in Fair Oak (hereinafter the property). The plaintiff fell while attempting to inspect a roof to repair a leak. The defendant owned the property, which had multiple residential apartments. The defendant allowed the plaintiff to live rent-free in one of the apartments, and in exchange, the plaintiff, among other things, maintained the property. The plaintiff commenced this action against the defendant alleging, inter alia, a violation of Labor Law § 240(1). The plaintiff moved for summary judgment on the issue of liability on that cause of action, and the defendant cross-moved for summary judgment dismissing the complaint. By order dated May 1, 2020, the Supreme Court, among other things, granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"'Labor Law § 240(1) imposes a nondelegable duty [and absolute liability] upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728, quoting Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720; see Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963). To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280). Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290). "[W]here an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39).
"Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials" (Melchor v Singh, 90 AD3d 866, 868). Specifically, with regard to accidents involving ladders, "[t]here must be evidence that the subject ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (id. at 868).
Here, the plaintiff established, prima facie, his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In support of his motion, the plaintiff submitted, inter alia, his affidavit and a transcript of his deposition testimony which established that the ladder was defective, inasmuch as it was missing its right leveling foot; that the accident occurred because the ladder was not properly secured; and that the feet of the ladder "kicked" backwards from the wall. The plaintiff's submissions established, prima facie, that he was not provided with a proper and adequate safety device to perform the work at an elevated height, and that such failure to provide proper safety equipment was a proximate cause of the accident (see Poalacin v Mall Props., Inc., 155 AD3d 900, 906; Przyborowski v A & M Cook, LLC, 120 AD3d 651, 653; Melchor v Singh, 90 AD3d at 868). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and properly denied the defendant's cross motion for summary judgment dismissing the complaint.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court