Mora v 1-10 Bush Term. Owner, L.P. (2023 NY Slip Op 01287)

Mora v 1-10 Bush Term. Owner, L.P.

2023 NY Slip Op 01287

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-07891
 (Index No. 3409/15)

[*1]John Mora, et al., respondents, 
v
1-10 Bush Terminal Owner, L.P., appellant (and a third-party action).

Margaret G. Klein (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated June 29, 2020. The order, insofar as appealed from, granted that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 2, 2015, the plaintiff John Mora (hereinafter the injured plaintiff) allegedly was injured when he fell from a ladder while performing demolition work at a building located in Brooklyn and owned by the defendant. At the time of the accident, the injured plaintiff was employed by Superior Services Demo, Inc. (hereinafter Superior). In March 2016, the injured plaintiff, and his wife suing derivatively, commenced this action against the defendant, alleging, inter alia, a violation of Labor Law § 240(1). Following the completion of discovery, the defendant moved, among other things, for summary judgment dismissing the complaint. The plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order dated June 29, 2020, the Supreme Court, among other things, granted that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The defendant appeals.
"'Labor Law § 240(1) imposes a nondelegable duty [and absolute liability] upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728, quoting Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720). To prevail on a Labor Law § 240(1) cause of action, a plaintiff must prove (1) that the defendant violated Labor Law § 240(1), and (2) that such violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280). Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290). "[W]here an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39).
"Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials" (Melchor v Singh, 90 AD3d 866, 868). Specifically, with respect to accidents involving ladders, "liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963 [internal quotation marks omitted]; see Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d at 729). Here, the injured plaintiff's deposition testimony that the accident occurred when the ladder he was standing on was struck by a falling pipe and fell over was sufficient to establish, prima facie, the plaintiffs' entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action (see Avila v Saint David's Sch., 187 AD3d 460; Guaman v Ansley & Co., LLC, 135 AD3d 492, 492; Gonzalez v AMCC Corp., 88 AD3d 945, 946; Durmiaki v International Bus. Machs. Corp., 85 AD3d 960, 960).
Contrary to the defendant's contention, under the circumstances presented here, the fact that the ladder had four points of contact with the floor and had a brace in the middle to keep it open is immaterial to whether a statutory violation occurred, as it is undisputed that "the ladder was not secured to something stable and was not chocked or wedged in place" (Gonzalez v AMCC Corp., 88 AD3d at 946, citing Wasilewski v Museum of Modern Art, 260 AD2d 271, 271).
"'Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident'" (Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 502, quoting Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8). Here, in opposition to the plaintiffs' prima facie showing, the defendant failed to raise a triable issue of fact. The defendant submitted a written statement of Superior's foreman, wherein he indicated that the subject pipe fell because the injured plaintiff failed to follow the foreman's instructions, that there was "another man holding the ladder" at the time the accident occurred, and that the injured plaintiff "lost his balance on the ladder and fell to the ground." However, the written statement was unsworn and not in admissible form. Therefore, the statement was insufficient to raise a triable issue of fact as to how the accident occurred and whether the injured plaintiff's actions were the sole proximate cause of the accident (see Utica First Ins. Co. v Gristmill Earth Realty Corp., 145 AD3d 1059, 1062; Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d 812, 813). Moreover, although the deposition testimony of Superior's principal contained similar statements, those statements constitute hearsay, as they were based on a conversation with Superior's foreman, and there is no evidence in the record indicating that the foreman was a witness to the accident. "Although hearsay evidence may be considered in opposition to a motion for summary judgment, such evidence alone is not sufficient to defeat the motion" (Feinberg v Sanz, 115 AD3d 705, 707).
Accordingly, the Supreme Court properly granted that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court