Correa v 455 Ocean Assoc., LLC (2023 NY Slip Op 03677)

Correa v 455 Ocean Assoc., LLC

2023 NY Slip Op 03677

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-00136
 (Index No. 713578/18)

[*1]Cesar Correa, respondent, 
v
455 Ocean Associates, LLC, et al., appellants.

Kaufman Borgeest & Ryan, LLP, New York, NY (Eldar Mayouhas and Lisa Ellen Fleishman of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated December 9, 2020. The order granted the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
The plaintiff commenced related actions to recover damages for personal injuries, which were subsequently consolidated, against the defendant 455 Ocean Associates, LLC (hereinafter 455 Ocean), and its managing agent, the defendant Weinreb Management, LLC (hereinafter Weinreb), alleging that he sustained injuries while working on the roof of a construction site owned and managed, respectively, by the defendants. The plaintiff allegedly injured his wrist while carrying a roll of tar paper down an extension ladder from one level of the roof to a lower level when he dropped the roll and grabbed the ladder to prevent himself from falling. Thereafter, the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240(1). In an order dated December 9, 2020, the Supreme Court granted the plaintiff's motion. The defendants appeal.
Labor Law § 240(1) "imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). To prevail on a Labor Law § 240(1) cause of action, "a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Exley v Cassell Vacation Homes, Inc., 209 AD3d 839, 840). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law. The plaintiff submitted, inter alia, his deposition testimony that, although there was a pulley on the worksite to raise or lower heavy materials, he could not operate the pulley without a second person and his foreman instructed him to use the extension ladder, which was not an adequate device for lowering the rolls (see Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300, 1302; Jimenez v RC Church of Epiphany, 85 AD3d 974, 974-975). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240(1).
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court