Cevallos v WBB Constr., Inc. (2024 NY Slip Op 02297)

Cevallos v WBB Constr., Inc.

2024 NY Slip Op 02297

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-01655
 (Index No. 712605/15)

[*1]Hernan Cevallos, respondent,
v
WBB Construction, Inc., et al., appellants.

Gartner + Bloom, P.C., New York, NY (Anne E. Armstrong of counsel), for appellants.
Subin & Associates LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Joshua Block], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 31, 2022. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when, on the day of the subject accident, he was instructed to cut a particular piece of wood. The plaintiff testified at his deposition that he was unable to reach the piece of wood by standing on the ground, and he determined that he needed a ladder to perform the task. Accordingly, the plaintiff found an A-frame ladder in his work area and set it up. The plaintiff climbed to the fourth rung of the five-rung ladder, and, immediately upon finishing cutting the wood, the wood fell, striking the plaintiff in the leg and then striking the ladder, causing both to fall to the ground. The defendants, WBB Construction, Inc. (hereinafter WBB), and Madison 33 Owner, LLC, were the general contractor and the owner, respectively, of the subject construction site. The plaintiff was employed by nonparty Sky Materials, which WBB contracted with to, among other things, build out the floors of the building being constructed at the site.
The plaintiff commenced this action against the defendants to recover damages for personal injures. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order entered January 31, 2022, the Supreme Court, inter alia, granted the motion. The defendants appeal.
To establish liability pursuant to Labor Law § 240(1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries (see Masmalaj v New York City Economic Dev. Corp., 197 AD3d 1292, 1293; Leon-Rodriguez v Roman Catholic Church of Sts. Cyril & Methodius, 192 AD3d 883, 883). "'[W]here an accident is caused by a violation of [Labor Law § 240(1)], the plaintiff's own negligence does not furnish a defense'" (Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 786, quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; see Exley v Cassell Vacation Homes, Inc., 209 AD3d 839, 840).
"'Once the plaintiff makes a prima facie showing the burden then shifts to the [*2]defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident'" (Masmalaj v New York City Economic Dev. Corp., 197 AD3d at 1293, quoting Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). Among other things, the plaintiff's deposition testimony submitted in support of his motion demonstrated that he was directed to cut a piece of wood that was above his head, that he determined that he needed a ladder to cut the wood, and that upon ascending the ladder and cutting the wood, the wood struck the plaintiff and the ladder, causing both to fall to the ground (see Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 786; Robinson v Bond St. Levy, LLC, 115 AD3d 928, 928; Kun Sik Kim v State St. Hospitality, LLC, 94 AD3d 708, 710).
In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, they failed to raise a triable issue of fact as to whether the plaintiff's actions were the sole proximate cause of the accident (see Estrella v ZRHLE Holdings, LLC, 218 AD3d 640, 644; Przyborowski v A & M Cook, LLC, 120 AD3d 651, 653; Durmiaki v International Bus. Machs. Corp., 85 AD3d 960, 961).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court