Jaimes-Gutierrez v 37 Raywood Dr., LLC (2024 NY Slip Op 06187)

Jaimes-Gutierrez v 37 Raywood Dr., LLC

2024 NY Slip Op 06187

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-03255
 (Index No. 31881/19)

[*1]Manuel Jaimes-Gutierrez, appellant,
v 37 Raywood Drive, LLC, et al., respondents (and a third-party action).

StolzenbergCortelli, LLP, White Plains, NY (Terrence J. Cortelli of counsel), for appellant.
Wood Smith Henning & Berman LLP, New York, NY (Kevin T. Fitzpatrick of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated February 21, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and granted the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and substituting therefor a provision granting the motion, and (2) by deleting the provision thereof granting those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in connection with an accident that occurred in April 2016, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. At the time of the accident, the plaintiff, who was employed by nonparty Global Security & Communications, reported to premises owned by the defendant 37 Raywood Drive, LLC, to install an alarm and surveillance system on a townhouse construction project on which the defendant Be & Yo Realty, Inc., acted as general contractor. The complaint alleged that the plaintiff "was in the course of installing [the] alarm and surveillance system at the aforesaid premises while standing on an attic ladder when the ladder came off its hinges and otherwise collapsed, causing [the] plaintiff to fall to the floor." At his deposition, the plaintiff described the ladder as "a type of stairs that are up on the attic and you pull them" with a rope, and the stairs would unfold and extend to the floor to allow someone to climb up them. The plaintiff acknowledged that the pull-down attic stairs were permanently affixed to the ceiling, but he also testified that climbing the pull-down attic stairs was the only way to access the attic, which he was required to access to connect certain cables to a security camera.
After the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and the defendants cross-moved for summary judgment dismissing the complaint. In an order dated February 21, 2023, the Supreme Court denied the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and general contractors for failing to provide safety devices necessary to protect workers from risks inherent in elevated work sites when that failure is a proximate cause of a plaintiff's injuries" (Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300, 1301). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must prove (1) that the defendant violated Labor Law § 240(1), and (2) that such violation was a proximate cause of his or her injuries" (Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 785).
Here, the plaintiff testified at his deposition that he had to access the attic as a part of his work, that the pull-down attic stairs could not be removed from their location, and that these stairs were the only way of accessing the attic. Under these circumstances, the plaintiff established, prima facie, that the pull-down attic stairs, in effect, operated as a safety device within the meaning of Labor Law § 240(1) (see Kehoe v 61 Broadway Owner LLC, 186 AD3d 1143, 1144; Esquivel v 2707 Creston Realty, LLC, 149 AD3d 1040, 1041), since the pull-down attic stairs served as the functional equivalent of a ladder at the time of the accident (see Beharry v Public Stor., Inc., 36 AD3d 574, 574-575; De Jara v 44-14 Newtown Rd. Apt. Corp., 307 AD2d 948, 950). The plaintiff's testimony that the pull-down attic stairs detached from the ceiling and fell as he was ascending them, causing him to fall, demonstrated, prima facie, that the defendants violated Labor Law § 240(1) and that this violation proximately caused the plaintiff's injuries (see Rivas v Purvis Holdings, LLC, 222 AD3d 676, 677; Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 786; Vicuna v Vista Woods, LLC, 168 AD3d 1124, 1125). In opposition, the defendants failed to raise a triable issue of fact.
Similarly, given the plaintiff's testimony that the pull-down attic stairs fell as he was ascending them, the defendants failed to demonstrate, prima facie, that the pull-down attic stairs provided proper protection (see Yao Zong Wu v Zhen Jia Yang, 161 AD3d 813, 815; Kolenovic v 56th Realty, LLC, 139 AD3d 588, 589-590).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, and should have denied that branch of the defendants' cross-motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action.
Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision mandating compliance with concrete specifications (see Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 705; Fonck v City of New York, 198 AD3d 874, 875). Pursuant to 12 NYCRR 23-1.21(b)(1), "[e]very ladder shall be capable of sustaining without breakage, dislodgment or loosening of any component at least four times the maximum load intended to be placed thereon." Here, given the plaintiff's testimony that the pull-down attic stairs fell as he was ascending them, the plaintiff established, prima facie, that the defendants violated 12 NYCRR 23-1.21(b)(1) (see Jones v City of New York, 166 AD3d 739, 741; Beckford v 40th St. Assoc. [NY Partnership], 287 AD2d 586, 587). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action, and should have denied that branch of the defendants' cross-motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action.
The plaintiff did not oppose those branches of the defendants' cross-motion which [*2]were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. The plaintiff's contentions regarding those branches of the motion are therefore improperly raised for the first time on appeal and have not been considered (see Nooney v Queensborough Pub. Lib., 212 AD3d 830, 833; Villada v 452 Fifth Owners, LLC, 188 AD3d 1292, 1294).
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court