Keen v Tishman Constr. Corp. of N.Y. (2024 NY Slip Op 06594)

Keen v Tishman Constr. Corp. of N.Y.

2024 NY Slip Op 06594

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-00989
 (Index No. 717945/19)

[*1]Jeanine Keen, respondent,
v Tishman Construction Corporation of New York, et al., appellants.

Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and Matthew V. Bruno of counsel), for appellants.
Pellegrini & Associates, LLC, New York, NY (Frank L. Pellegrini and Juan C. Restrepo-Rodriguez of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered January 5, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants Tishman Construction Corporation of New York and Meushar 34th Street, LLC.
ORDERED that the appeal by the defendant BP/M 3HB Owner, LLC, is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendants Tishman Construction Corporation of New York and Meushar 34th Street, LLC; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On November 16, 2017, the plaintiff allegedly was injured in the course of her employment as a carpenter shop steward at a construction site owned by the defendant Meushar 34th Street, LLC (hereinafter Meushar). The plaintiff alleged that the bottom of an unsecured wooden "job-built" ladder she was ascending to access a concrete wall, which was approximately 3½ to 4½ feet above the ground, slid away from the wall causing her to fall. The plaintiff's right leg became "tangled" in the ladder, and the plaintiff hit her knee on either the ladder or the wall. The top portion of the plaintiff's body landed on the concrete wall. The defendant Tishman Construction Corporation of New York (hereinafter Tishman) acted as the construction manager.
The plaintiff commenced this personal injury action against Tishman and Meushar (hereinafter together the defendants), and another defendant, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants. In an order entered [*2]January 5, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion. This appeal ensued. We affirm.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124; see Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 748). The statute "is to be construed as liberally as may be for the accomplishment of [that] purpose" (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [internal quotation marks omitted]) and "with a commonsense approach to the realities of the workplace at issue" (Salazar v Novalex Contr. Corp., 18 NY3d 134, 140; see Hensel v Aviator FSC, Inc., 198 AD3d 884, 886; Jones v 414 Equities LLC, 57 AD3d 65, 73).
"To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries" (Fuentes v 257 Toppings Path, LLC, 225 AD3d at 748 [internal quotation marks omitted]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39). Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her injuries, there can be no recovery under Labor Law § 240(1) (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290). Conversely, "where an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; see Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 786). Thus, "'[o]nce the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident'" (Masmalaj v New York City Economic Dev. Corp., 197 AD3d 1292, 1293, quoting Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8; see Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 786).
Here, in opposition to the plaintiff's prima facie showing of her entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the defendants, the defendants failed to raise a triable issue of fact (see Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 978; Vicuna v Vista Woods, LLC, 168 AD3d 1124, 1125; Alvarez v Vingsan L.P., 150 AD3d 1177, 1178). Contrary to the defendants' contention, the record evidence does not reveal "differing versions of the accident, one under which defendants would be liable and another under which they would not" (Heras v Ming Seng & Assoc., LLC, 203 AD3d 1146, 1147 [internal quotation marks omitted]). While the defendants properly contend that the plaintiff waived any objection to the admissibility of certain incident reports (see Cruz v Finney, 148 AD3d 772, 773; Orcel v Haber, 140 AD3d 937, 938), those reports, at most, established comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556; Fuentes v 257 Toppings Path, LLC, 225 AD3d at 748; Rico-Castro v Do & Co N.Y. Catering, Inc., 60 AD3d 749, 750).
The defendants' remaining contentions are without merit.
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court