Ruiz v Ewan (2025 NY Slip Op 04032)

Ruiz v Ewan

2025 NY Slip Op 04032

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-08525
 (Index No. 600733/2022)

[*1]Kenneth Ruiz, appellant, 
v
Christopher Ewan, et al., defendants, F.M. Peroni, Inc., respondent (and a third-party action).

Gallagher, P.C., New York, NY (Kevin M. Gallagher of counsel), for appellant.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Scott I. Gurtman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated June 18, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant F.M. Peroni, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant F.M. Peroni, Inc., is granted.
In August 2021, the plaintiff allegedly was injured during the construction of a home when a ladder he was descending slipped out from under him, causing him to fall 10 to 12 feet to a balcony below. The plaintiff commenced this action against, among others, the defendant F.M. Peroni, Inc. (hereinafter the defendant), the general contractor for the construction project, alleging, inter alia, a violation of Labor Law § 240(1). The plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. In an order dated June 18, 2024, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
The Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. "Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Cruz v 451 Lexington Realty, LLC, 218 AD3d 733, 735 [internal quotation marks omitted]). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Correa v 455 Ocean Assoc., LLC, 218 AD3d 435, 436 [internal quotation marks omitted]; see Medina v 1277 Holdings, LLC, 234 AD3d 839, 842). "Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials" (Melchor v Singh, 90 AD3d 866, 868; see Mora [*2]v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 786). "Specifically, with respect to accidents involving ladders, liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder[ ] was a substantial factor in causing the plaintiff's injuries" (Wright v Pennings, 233 AD3d 827, 828 [internal quotation marks omitted]; see Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 786).
Here, the plaintiff demonstrated, prima facie, that he was entitled to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. In support of his motion, the plaintiff submitted transcripts of his deposition testimony and the deposition testimony of a witness to his accident which showed that the plaintiff was exposed to an elevation risk within the ambit of Labor Law § 240(1), that the ladder slipped out from under the plaintiff as he descended from the roof, that the ladder fell away from the wall, and that the inadequately secured ladder was a proximate cause of the plaintiff's injuries (see Valentin v Stathakos, 228 AD3d 985, 989; Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 729). In opposition, the defendant failed to raise a plausible view of the evidence—enough to raise a triable issue of fact—that there was no statutory violation and that the plaintiff's own acts were the sole cause of the accident (see Valentin v Stathakos, 228 AD3d at 989; Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d at 729-730). The deposition testimony of the defendant's principal that the ladder was tethered to the house when he inspected the area after the plaintiff's accident was insufficient to raise a triable issue of fact, since the defendant's principal acknowledged that he did not witness the accident and that the ladder "was already back in its position; and back up and tethered" by the time of his inspection. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court