Aguilar v 58 Gerry St, LLC (2025 NY Slip Op 06838)

Aguilar v 58 Gerry St, LLC

2025 NY Slip Op 06838

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-06611
 (Index No. 500218/19)

[*1]Jose Aguilar, respondent, 
v
58 Gerry St, LLC, appellant, et al., defendants.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Julia Audibert of counsel), for appellant.
Gorayeb & Associates, P.C., New York, NY (David A. Cvengros of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 58 Gerry St, LLC, appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated March 27, 2024. The order granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant 58 Gerry St, LLC.
ORDERED that the order is affirmed, with costs.
In December 2018, the plaintiff allegedly sustained injuries when he fell from a ladder after the ladder shifted underneath him when it was struck by a falling metal object.
The plaintiff commenced this personal injury action against, among others, the defendant 58 Gerry St, LLC (hereinafter the defendant), asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. The defendant opposed the motion. In an order dated March 27, 2024, the Supreme Court granted the plaintiff's motion. The defendant appeals.
Labor Law § 240(1) imposes on owners or general contractors and their agents a "'nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks'" (Flores v Fort Green Homes, LLC, 227 AD3d 672, 673, quoting Castano v Alonquin Gas Transmission, LLC, 213 AD3d 905, 907). "Not every worker who falls at a construction site, and not every object that falls on a worker gives rise to the extraordinary protections of Labor Law § 240(1)" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). Rather, "liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (id.). "Labor Law § 240 applies to both the 'falling worker' and 'falling object' cases" (id.).
To prevail on a cause of action alleging a violation of Labor Law § 240(1), "'a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries'" (Lopes v County of Suffolk, 236 AD3d 883, 884, quoting Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728). Once a plaintiff makes a prima facie showing [*2]"'the burden then shifts to the defendant, who may defeat [the] plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that [the] plaintiff's own acts or omissions were the sole cause of the accident'" (Lopes v County of Suffolk, 236 AD3d at 884, quoting Blake v Neighborhood Hous. Services of New York City, Inc., 1 NY3d 280, 289 n 8).
When an accident involves a worker falling off of a ladder, "'liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries'" (Wright v Pennings, 233 AD3d 827, 828 [alteration omitted], quoting Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 786).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant by submitting evidence, including a transcript of his deposition testimony, which established that the ladder shifted from underneath him when it was hit by a metal object, causing him to fall (see Cevallos v WBB Constr., Inc., 227 AD3d 657, 658-659; Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 786-787; Morocho v Plainview-Old Bethpage Cent. Sch. Dist., 116 AD3d 935, 936). In opposition, the defendant failed to raise a triable issue of fact (see Cevallo v WBB Constr., Inc., 227 AD3d at 659).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant.
The defendant's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court