Neto v Buddies Bro, LLC
2026 NY Slip Op 03815
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dijalma Neto, respondent,
v
Buddies Bro, LLC, et al., appellants, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-06933, (Index No. 515611/20)
Francesca E. Connolly, J.P.
Valerie Brathwaite Nelson
Barry E. Warhit
Elena Goldberg Velazquez, JJ.

Brody Law Group, PLLC, New York, NY (Magdalene P. Skoutzos of counsel), for appellants.
Michael S. Lamonsoff (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Lori E. Parkman, and Jillian Rosen], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Buddies Bro, LLC, and Townhouse Builders, Inc., appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated March 20, 2024. The order granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against those defendants.
ORDERED that the order is reversed, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants Buddies Bro, LLC, and Townhouse Builders, Inc., is denied.
The plaintiff, a carpenter employed by Magellan Concrete Structures, commenced this action to recover damages for personal injuries he allegedly sustained while working on a project involving the construction of a building at premises owned by the defendant Buddies Bro, LLC, and at which the defendant Townhouse Builders, Inc. (hereinafter together the defendants), was serving as the general contractor. The plaintiff asserted, inter alia, causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence.
The plaintiff testified at his deposition that, on the date of the accident, he was "stripping" the second floor ceiling, which involved removing "the material that had been used to make a base to pour the cement." At the time of the incident, the plaintiff was climbing down a cement column located on the side of the building using scissor clamps that were attached to the column. The plaintiff slipped and fell while descending the scissor clamps. The plaintiff testified that his personal fall arrest system engaged, which prevented him from falling to the ground, but he struck the exterior wall of the building, causing him to lose consciousness.
The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants. In an order dated March 20, 2024, the Supreme Court granted that branch of the motion. The defendants appeal.
"Labor Law § 240(1) imposes upon owners, contractors, and their agents a [*2]nondelegable duty to provide workers with proper protection from elevation-related hazards" (Thorpe v One Page Park, LLC, 208 AD3d 818, 820 [internal quotation marks omitted]; see Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Exley v Cassell Vacation Homes, Inc., 209 AD3d 839, 840; see Correa v 455 Ocean Assoc., LLC, 218 AD3d 435, 436). "Although an injured worker's comparative negligence is not a defense to a Labor Law § 240(1) cause of action, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Iannaccone v United Natural Foods, Inc., 219 AD3d 819, 820; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants by submitting evidence establishing that he was injured due to the defendants' failure to provide scaffolding or a ladder that could be used outside the building (see Blachowicz v City of New York, 241 AD3d 1513, 1516; Panfilow v 66 E. 83rd St. Owners Corp., 217 AD3d 875, 878). In opposition, however, the defendants raised a triable issue of fact by demonstrating that the plaintiff was provided safety devices to prevent elevation-related injuries, including a six-foot ladder, that the plaintiff may have known of such devices, and that the plaintiff failed to use the ladder provided, instead climbing the scissor clamps near the edge of the building (see Blachowicz v City of New York, 241 AD3d at 1516; cf. Santiago v Hanley Group, Inc., 216 AD3d at 834).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court